# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST D, | ) ) ) ) | |
| Plaintiff, | ) ) | Docket No. 2:19-cv-00307-NT |
| v. | ) ) | Re: 3 Chicoine Avenue, Auburn, ME |
| KEVIN R. LAFERRIERE and TAMMY J. LAFERRIERE, | ) ) ) | Mortgage: May 11, 2004 Androscoggin County Registry of Deeds, Book 5904, Page 183 |
| Defendants, | ) ) | |
| MAINE REVENUE SERVICES, | ) ) | |
| Party-in-Interest. | ) | |

## ORDER

This matter came before the Court on the Plaintiff's motion ("**Motion**") to extend the deadline to publish its notice of sale for the foreclosure sale of the property located at 3 Chicoine Avenue in Auburn, Maine. Pl.'s Mot. to Extend Deadline ("**Mot.**") (ECF No. 22). For the reasons stated below, the Motion is **GRANTED.**

A Judgment of Foreclosure and Sale ("**Foreclosure Judgment**") was entered in this case on January 21, 2020. J. of Foreclosure and Sale (ECF No. 19). Pursuant to Maine law, the Foreclosure Judgment provided the Defendants a 90-day period of redemption that began running from the date of judgment. *See* 14 M.R.S. § 6322. Accordingly, the redemption period ran until April 20, 2020. The Maine foreclosure statute then provides:

> Upon expiration of the period of redemption, if the mortgagor . . . [has] not redeemed the mortgage, any remaining rights of the mortgagor to possession terminate, and the mortgagee shall cause notice of a public sale of the premises stating the time, place and terms of the sale to be published once in each of 3 successive weeks in a newspaper of general circulation in the county in which the premises are located, *the first publication to be made not more than 90 days after the expiration of the period of redemption.*

14 M.R.S. § 6323(1) (emphasis added). Thus, the first publication of notice of sale of the Auburn property should have been made no later than July 19, 2020. The Plaintiff states that it failed to hold the foreclosure auction within the statutory time period due to foreclosure moratoria related to the COVID-19 pandemic and loss mitigation. Mot. 1. It maintains that "the commencement of the Notice of Sale publication for the foreclosure auction sale should be extended to within ninety (90) days of the granting and docketing of this Motion." Mot. 1. The deadline for conducting the foreclosure auction of the property then flows from this first-publication deadline. *See* 14 M.R.S. § 6323(1) ("[T]he public sale must be held not less than 30 days nor more than 45 days after the first date of that publication.").

Section 6323 contains conflicting provisions as to extensions of these deadlines. In one subsection, it states: "The court, upon motion of the mortgagee, *filed before the deadline for sale and showing good cause*, may grant such further extensions of the mortgagee's time to sell as it considers appropriate." 14 M.R.S. § 6323(1) (emphasis added). But then another subsection provides: "Upon a showing of good cause, the court may extend a deadline established by this section for the publication of the notice of sale or conducting the public sale." 14 M.R.S. § 6323(3).

2

The Plaintiff filed its Motion on December 23, 2022, more than two years after the 2020 deadline for sale, so the Motion is untimely under § 6323(1). But because § 6323(3) does not contain such a time limit and allows me to extend the deadlines for publishing notice of sale and conducting the public sale upon a showing of good cause, I have considered the Motion. I find that there is good cause for extending the deadlines. After the Foreclosure Judgment entered in January of 2020, but before the period of redemption expired in April of 2020, the COVID-19 global pandemic hit, and emergencies were declared at both the federal and state level. *See Calvary Chapel of Bangor v. Mills*, 542 F. Supp. 3d 24, 27–28 (D. Me. 2021), *aff'd,* 52 F.4th 40 (1st Cir. 2022). As part of the relief effort, the federal government authorized a moratorium, which was extended several times, on residential foreclosures and evictions. *See, e.g.,* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 4022, 134 Stat. 281, 490 (Mar. 27, 2020). There were also limitations imposed on public gatherings in Maine, *see Calvary Chapel*, 542 F. Supp. 3d at 28–29, which may have affected the Plaintiff's ability to conduct a public foreclosure auction sale. I find that the COVID-19 pandemic and its related restrictions constitute good cause for extending the Plaintiff's deadlines for publication and sale.

Although the Defendants have not objected to the relief sought by the Plaintiff—indeed, they never appeared to defend in the action at all—I considered the effect of the requested extension on them. The Defendants no longer have any rights in the Auburn property. *See KeyBank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶ 38, 758 A.2d 528 ("After the redemption period expires, 'all rights of the mortgagor to

3

possession terminate.' " (quoting 14 M.R.S. § 6323(1))); *In re Cormier*, 147 B.R. 285, 294 (Bankr. D. Me. 1992) ("Under Maine foreclosure law, once the redemption period expires, the mortgagor no longer holds a property right . . . ."). And the Plaintiff's failure to timely publish the notice of sale does not change that because "any error in the *sale* process should not serve as grounds to set aside the foreclosure *judgment* itself." *Sargent*, 2000 ME 153, ¶ 38, 758 A.2d 528; *see United States v. Harriman*, 851 F. Supp. 2d 190, 194 (D. Me. 2010) ("[O]nce the ninety day redemptive period expired in this case, any error by the [mortgagee] in the timing of the public notices cannot be grounds to set aside the foreclosure judgment itself.").

Further, granting the Plaintiff's extension likely could benefit the Defendants. By virtue of the Foreclosure Judgment and the Defendants' failure to exercise their right of redemption, the Plaintiff is now the owner of the Auburn property, "and the purpose of the time periods is to benefit the mortgagors to assure that the public sale is as open and competitive as possible." *Harriman*, 851 F. Supp. 2d at 194. As the Maine Supreme Judicial Court has explained:

> The Legislature had a purpose in enacting the time periods in section 6323. . . . The time period provides the likelihood that more members of the public will be able to react to the notice by actually bidding on the property. This is a benefit to the mortgagor because of the potential that the property will be sold for a higher price than it would if the mortgagee was the only bidder, thus providing protection against a self-dealing mortgagee.

*Cadle Co. v. LCM Assocs.*, 2000 ME 73, ¶ 9, 749 A.2d 150. Allowing the Plaintiff additional time to publish notice and conduct the public sale potentially will benefit the Defendants here as the Auburn property likely will fetch a higher sale price in

the spring of 2022 than it would have two years ago, and the Defendants are entitled to any surplus proceeds from the sale. In addition, the Defendants have enjoyed the significant benefit of staying in the property ever since the Foreclosure Judgment was entered.

For the foregoing reasons, the Plaintiff's Motion is **GRANTED**. The Foreclosure Judgment remains in effect, except that the Plaintiff now has ninety days from the date of this order to cause the first notice of public sale of the Auburn property to be published.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 5th day of January, 2023.

5